IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LASHONDA ALLEN | )<br>)<br>) |
| Plaintiff. | ) |
| v. | )<br>) |
| ASSET ACCEPTANCE, LLC | )<br>) CASE NO. 3:10CV396 |
| SERVE: CT Corporation System<br>4701 Cox Road<br>Suite 301<br>Glen Allen, VA 23060 | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, LaShonda Allen (hereafter, "Allen" or "Plaintiff"), by counsel, and as for her Complaint against the Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Asset Acceptance, LLC, (hereafter, "Asset Acceptance" or "AAC"), is a Delaware limited liability company with its headquarters and principal place of business located in Warren, Michigan. Asset Acceptance is a debt purchaser that buys stale consumer debt from creditors and other debt collectors and then files actions against consumers in its own name in Virginia state courts, using in-house counsel. At all times relevant hereto, Asset Acceptance was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. In June of 2009, Defendant AAC sued Plaintiff with regard to a consumer debt allegedly owed by the Plaintiff to a third-party ("First USA / Chase").

6. The Defendant proceeded against the Plaintiff by filing a Warrant in Debt, as provided for by Va. Code § 16.1-79.

7. By statute, the Warrant in Debt served as the Defendant's Complaint against the Plaintiff and stated that the basis of the claim was an "open account."

8. At the time of the filing of the Warrant in Debt, the Defendant additionally filed numerous affidavits and other documents that were false, deceptive, and/or misleading on their face, including an "Affidavit of Account."

9. The "Affidavit of Account" contained statements allegedly made by "Doreen Baum," an individual who purports to be an employee of the Defendant in her affidavit.

10. The Defendant caused the "Affidavit of Account" and the Warrant in Debt to be served upon the Plaintiff at her home, and it also mailed a copy of the same to her.

11. The "Affidavit of Account" was a communication with the Plaintiff as that term is defined by the FDCPA.

2

12. In its "Affidavit of Account," signed on April 21, 2009, Ms. Baum made a sworn statement regarding her knowledge of Plaintiff's account with First USA / Chase.

13. In the "Affidavit of Account," Ms. Baum falsely states that she has knowledge that interest was properly calculated on the account "pursuant to contract or statute," despite the Defendant's conflicting account records which falsely represent that the entirety of the amount sued for comprises the principal balance and, additionally, that none of the amount sought is comprised of interest.

14. Each of the representations in paragraph 13 is false, deceptive, and/or misleading.

15. Upon information and belief, Defendant falsely represents the entire balance solely as principal in order collect "interest on interest," or compound interest, following what are typically default judgments in most cases.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e
### (Defendant AAC)

16. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 15 above as if fully set out herein.

17. In its false and deceptive statements and misrepresentations as described herein, Defendant AAC violated 15 U.S.C. § 1692e.

18. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant AAC)

19.  The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 18 above as if fully set out herein.

20.  The false statements and misrepresentations described herein as made by Defendant AAC violated 15 U.S.C. §1692e(2)(A).

21.  Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT THREE:
### VIOLATION OF 15 U.S.C. §1692e(5)
### (Defendant AAC)

22.  The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 21 above as if fully set out herein.

23.  The false statements and misrepresentations described herein as made by Defendant AAC violated 15 U.S.C. §1692e(5).

24.  Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT FOUR:
### VIOLATION OF 15 U.S.C. §1692e(10)
### (Defendant AAC)

25.  The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 24 above as if fully set out herein.

26.  The false statements and misrepresentations described herein as made by Defendant AAC violated 15 U.S.C. §1692e(10).

27.  Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT FIVE:
### VIOLATION OF 15 U.S.C. §1692f

(Defendant AAC)

28. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 27 above as if fully set out herein.

29. The false statements and misrepresentations described herein as made by Defendant AAC violated 15 U.S.C. §1692f.

30. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692g
(Defendant AAC)

31. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set out herein.

32. In its failure to provide notice of Plaintiff's right to verification of the alleged debt within 5 days of initial communication, Defendant AAC violated 15 U.S.C. § 1692g.

33. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act against the Defendant, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**LASHONDA ALLEN**

By _____
Of Counsel

5

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Telephone:    (703) 273-7770
Facsimile:     (888) 892-3512
matt@clalegal.com